495 P.2d 1250

**GIBBONS AND REED COMPANY, a Utah corporation, Plaintiff and Appellant,**

v.

**UTAH STATE ROAD COMMISSION, Defendant and Respondent.**

No. 12478.

Supreme Court of Utah.

March 31, 1972.

Roe, Fowler, Jerman & Dart, Bryce E. Roe, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, Don R. Strong, Asst. Atty. Gen., Provo, for defendant and respondent.

ELLETT, Justice.

This appeal involves the interpretation to be placed upon the terms of a written construction contract as follows:

"Backfill" shall be measured by the *cubic yard of material in final position* in excavated area or embankment adjacent to a structure *limited as follows*:

\*　　\*　　\*　　\*　　\*　　\*

*On pipes, the measurements shall be limited to vertical planes two feet wider*

than the outside pipe diameter and one-half of the pipe diameter over the top of the pipe, limited to two feet. [All emphasis added.]

The trial judge interpreted the provision to mean that the State would pay for the number of cubic yards of material placed in position around the pipe, not to exceed, however, the number of cubic yards of material placed within the limiting planes.

As a matter of fact, the actual yardage of material required to fill a cut in which a pipe is placed might greatly exceed the limitations contained in the agreement because of the slope of the cut.

The appellant contends that it should be paid for the number of cubic yards which can be calculated as being within the limiting planes. In other words, it wants to be paid not only for the number of cubic yards of material placed within the limiting planes but also for the volume of the empty pipe in which no material at all is placed. It contends that there is an ambiguity in the terms of the contract and that it should be interpreted in favor of appellant, since the language was chosen by the respondent.

We think the language is clear and that the trial court ruled correctly. The judgment is affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.